GUIDRY, Judge.
The Commissioner of Financial Institutions of the State of Louisiana was confirmed by the court as conservator of the Louisiana Bank and Trust Company of Crowley, Louisiana (hereafter LBT) on December 10, 1987. By a separate order on that same day, the bank was closed, liquidation of LBT was commenced and the Federal Deposit Insurance Corporation (hereafter FDIC) was named receiver.
On April 15, 1988, appellant, Edmund M. Reggie, timely filed two proofs of claims against LBT with the Receiver, representing alleged cash advances made by him on behalf of LBT and mineral rights/royalties allegedly held in the name of LBT for account of Reggie. The FDIC allegedly rejected both of these claims, notifying appellant of said “rejection” by letter dated November 10,1988. Subsequently, on February 6, 1989, appellant petitioned the receivership court seeking a hearing on the rejection of his claims. In response, the FDIC filed exceptions of no cause of action and no right of action urging that Reggie’s suit was untimely. The trial court sustained the Receiver’s exceptions and dismissed Reggie’s suit. Reggie appealed.
La.R.S. 6:393 provides as follows:
“A. All persons having claims against the bank shall present their claims substantiated by legal proof to the receiver within one hundred eighty days after the bank is closed.
B. The receiver shall cause notice of the claims procedure to be published once a week for twelve consecutive weeks in a newspaper of general circulation in the parish of domicile of the bank and to be mailed to each person whose name appears as a creditor or depositor upon books of the bank at his last address of record.
C. Within one hundred eighty days following receipt of the claim, the receiver shall notify in writing any claimant whose claim has been rejected. Notice is effective when mailed. Any claimant whose claim has been rejected by the receiver may petition the receivership court for a hearing on his claim within sixty days from the date his claim is rejected.”
The following sequence of events, which give rise to this suit, are undisputed:
*669 1. LBT closed on December 10, 1987.
2. Appellant timely filed two Proofs of Claims on April 15, 1988.
3. By letter dated November 10, 1988, 25 days beyond the statutorily prescribed period, the FDIC notified Reggie that his claims had been rejected.[1]
4. Reggie filed this suit on February 10, 1989, 92 days after the FDIC rejected his claims.
FDIC’S UNTIMELY REJECTION
Appellant first argues that the FDIC’s untimely rejection of his proofs of claims constituted an implied acceptance of same. We find no merit in this argument.
Appellant cites no authority in support of this contention other than the fact that La.R.S. 6:393(C) uses the word “shall”. It is well settled that the word “shall” is mandatory. La.R.S. 1:3; La.C.C.P. art. 5053.
La.R.S. 6:393, by use of the word “shall”, mandates that claimants file any proofs of claims against a failed bank and that the receiver notify, in writing, any claimant whose claim has been rejected within 180 day periods. The statute is silent, however, as to the consequences of either’s failure to comply with such mandates.
In Hayden v. Richland Parish School Board, 554 So2d 164 (La.App. 2d Cir.1989), writ denied, 559 So.2d 124 (La.1990), our brethren of the Second Circuit stated:
“The rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible but if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. The jurisprudence is uniform that all statutory provisions are to be given effect whenever possible. If statutes can be reconciled by a fair and reasonable interpretation, it must be done, as the repeal of a statute by implication is not favored nor to be indulged in if there is any other reasonable construction.
The construction of a particular statute which creates a statutory inconsistency should be avoided when an interpretation can be adopted which will not do violence to the plain words of an act. The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of the statutory provision, therefore, is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the legislature in enacting it. ...” (footnotes omitted)
As stated earlier, R.S. 6:393 provides no penalty or consequence for failure of a party to meet the statutorily mandated 180 day periods. However, R.S. 6:394 contemplates the filing and consideration of claims after the 180 day period.
The statute provides:
“All claims filed after the one hundred eighty day claim period prescribed by R.S. 6:393 and subsequently accepted by the receiver or allowed by the receivership court shall be entitled to share in the distribution of assets only to the extent of the undistributed assets in the hands of the receiver on the date such claims are accepted or allowed.”
Clearly, R.S. 6:394 contemplates the filing and consideration of proofs of claims after the 180 day period and to such extent is seemingly in conflict with the provisions of R.S. 6:393.. We believe that the seeming conflict can be reconciled by a fair and reasonable interpretation of the statutory provisions. If the legislature had intended the belated rejection of a claim to constitute an acceptance, as appellant suggests, the statute would have so provided. There *670 is no provision in the statute which even suggests this legislative intent.
We interpret the statute’s mandate in limiting the periods for filing and acceptance or rejection of claims as relating only to the fund or assets against which the claim may be leveled and the time when the receivership court may be petitioned. As we interpret the statutory provision, a proof of claim, when timely filed, if ultimately accepted within or beyond the mandated 180 days, is entitled to share in the distribution of assets available as of the date of the bank’s closure. On the other hand, if a claim is untimely filed but subsequently accepted or allowed by the receivership court, the claim shares in the distribution of assets but only to the extent of the undistributed assets in the hands of the receiver on the date such claims are accepted or allowed. Another consequence of a belated notification of rejection would be a delay in the commencement of the 60 day period for filing for judicial review of a rejected claim. Additionally, in our view, the failure of the Receiver to reject a claim within the mandated period would permit the institution of proceedings in the receivership court after such period, albeit the 60 day period limiting a claimant’s right to institute such proceedings does not commence until final rejection. If the statute should be interpreted as requiring a claimant to wait until the Receiver finally rejects a claim, even though the statutory delay for rejection by the Receiver (180 days) has expired, before instituting proceedings in the receivership court, the Receiver could by his inaction effectively delay indefinitely a claimant’s right to seek judicial review. For these reasons, we reject appellant’s contention of implied acceptance.
THE FDIC’S REJECTION
Appellant next argues that the rejection letter from the FDIC dated November 10, 1988 was conditional in nature and since R.S. 6:393 makes no provision for a conditional rejection, the 60 day period allowed for institution of proceedings for a judicial review of his claims did not commence pri- or to institution of proceedings in the receivership court. We agree.
The FDIC’s rejection letter of November 10, 1988 reads as follows:
*671 [[Image here]]
La.R.S. 6:393 requires that the receiver notify, in writing, any claimant whose “claim has been rejected”. In our view, it is only a final, categorical rejection of a claim which triggers the 60 day period for institution of proceedings in the receivership court. The statute does not allow for nor contemplate conditional rejections.
In the case sub judice, although the first paragraph of the FDIC letter is explicit, the second paragraph of the Receiver’s letter leaves considerable doubt whether or not claimant’s claims were in fact categorically rejected. The FDIC letter indicates that appellant’s claims “are denied pending the result of a law suit” and “at this time”. This language clearly implies that final acceptance or rejection of appellant’s claims depended upon outcome of the referred to litigation. We conclude that this rejection is not the final rejection which R.S. 6:393 contemplates as necessary for commencement of the 60 day period for institution of proceedings in the receivership court and that appellant’s claims have never been finally rejected by the FDIC. We further conclude, for the reasons heretofore stated, that the Receiver’s failure to reject appellant’s claims within the 180 day period permitted the filing of proceedings in the receivership court, albeit not filed within 60 days of the FDIC’s November 10, 1988 letter.
In sum, we conclude that appellant’s suit was timely instituted in the receivership court and the trial court erred in concluding otherwise. Our conclusion in this re *672 gard renders appellant's other specifications of error moot.
Accordingly, we reverse the judgment of the trial court, overrule the FDIC’s exceptions and remand this matter to the trial court for further proceedings consistent with the views expressed. All costs of this appeal are to be borne by appellee, Federal Deposit Insurance Corporation.
REVERSED AND REMANDED.

. The parties, in brief, admit that Reggie wrote the FDIC on December 13, 1988 seeking clarification of the FDIC’s letter of November 10, 1988. The FDIC replied to this inquiry on January 18, 1989. These letters are not made part of the record.